
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10434 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00286-CRB-1 |
| v. | |
| FLEURETTE ALLEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted September 11, 2013[**]
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and BEISTLINE, Chief
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ralph R. Beistline, Chief District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Defendant Fleurette Allen was convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1). He appeals the district court's denial of his motion to suppress evidence obtained during an allegedly unlawful search. We affirm.

"We review the district court's denial of [a] motion to suppress *de novo* and the district court's underlying factual findings for clear error." *United States v. Giberson*, 527 F.3d 882, 886 (9th Cir. 2008).

To establish the illegality of a search under the Fourth Amendment, a defendant must show that he had a "legitimate expectation of privacy" in the place or item searched. *United States v. Nerber*, 222 F.3d 597, 599 (9th Cir. 2000). To do so, "he must demonstrate a subjective expectation that his activities would be private, and he must show that his expectation was one that society is prepared to recognize as reasonable." *Id*. (internal quotation marks and citations omitted). "However, that expectation of privacy does not extend to '[w]hat a person knowingly exposes to the public, even in his own home or office.'" *United States v. Wahchumwah*, 710 F.3d 862, 867 (9th Cir. 2013) (quoting *Katz v. United States*, 389 U.S. 347, 351 (1967)) (alteration in original). Assuming that Allen had a Fourth Amendment privacy interest in items he had in his girlfriend's apartment, Allen forfeited his privacy interest: he twice asked a construction worker, Ortega,

2

to go into the apartment specifically to recover one item, his gun. By so doing, Allen knowingly exposed the apartment to the public and expressly disavowed any expectation of privacy that he might have had as an overnight guest or fire victim. Therefore, the district court correctly denied Allen's motion to suppress.

**AFFIRMED.**